# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                                              )
Matthew Downing,                                              )
Individually and on Behalf of All                             )
Other Persons Similarly Situated,                             )
                                                              )
           *Plaintiff*,                          )
                                                              )   C.A. No.1:20-cv-11673-IT
v.                                                            )
                                                              )
Keurig Green Mountain, Inc.,                                  )
                                                              )
           *Defendant*.                         )
_____)

## JOINT MOTION TO STAY PENDING SETTLEMENT

Plaintiff Matthew Downing ("Plaintiff") and Defendant Keurig Green Mountain, Inc. ("Defendant," and together with Plaintiff, the "Parties") respectfully move the Court for an order staying this action in its entirety pending the completion and approval of a class settlement in a related action, which, if approved, would resolve the class claims asserted in this litigation. In support of this motion, the Parties state as follows:

1.      This is a putative class action in which Plaintiff alleges that Keurig deceptively marketed and labeled single-serve plastic coffee pods as being recyclable. Through his complaint, dated September 9, 2020, Plaintiff asserts claims on behalf of a proposed National Class and a Massachusetts Class for violation of M.G.L. c. 93A. ECF 1. Defendant denies Plaintiff's allegations in their entirety and denies that this case is suitable for class certification.

2.      On December 18, 2020, Defendant moved pursuant to Fed. R Civ. P. 12(b)(6) and 12(f) to dismiss Plaintiff's complaint and moved to strike Plaintiff's allegations on behalf of the National Class, ECF 14; Plaintiff opposed that motion, ECF 28.

3.      On February 18, 2021, the Court entered a scheduling order. ECF 27. That order provided that fact discovery would commence one week after Defendant filed its answer in this case and would be completed eight months after the commencement of fact discovery. *Id.*

4.      On June 11, 2021, the Court denied Defendant's motion to dismiss but granted Defendant's motion to strike Plaintiff's allegations on behalf of a National Class. ECF 34.

5.      On June 25, 2021, Plaintiff filed in the United States Court of Appeals for the First Circuit a petition seeking review of the Court's order striking Plaintiff's allegations on behalf of a national class. The First Circuit has not yet ruled on that petition.

6.      On June 25, 2021, Defendant answered Plaintiff's complaint. Per the terms of the Court's scheduling order, ECF 27, fact discovery commenced on July 2, 2021, and the deadline to complete fact discovery is March 2, 2021.

7.      Prior to Plaintiff filing his complaint in this case, another plaintiff, Kathleen Smith, asserted similar claims against Defendant on behalf of a class of California purchasers of Keurig's Pods (*Smith v. Keurig Green Mountain Inc.*, No. 18-cv-06690 (N.D. Ca.)). Ms. Smith filed her complaint on September 28, 2018, in the Superior Court of California. Keurig removed that case to the United States District Court for the Northern District of California on November 2, 2018, and Ms. Smith filed an amended complaint on December 28, 2018. On September 21, 2020, the court in *Smith* certified a class of California purchasers in that case.

8.      Over the last few months, Defendant and the plaintiffs in *Smith* and in this action have negotiated the terms of a nationwide settlement of class claims against Defendant relating to the labeling and marketing of the Pods. The Parties reached an agreement in principle to resolve all claims raised by Plaintiffs in both this action and in *Smith*. The settlement has been memorialized in a term sheet, and the Parties are diligently working to convert the terms of their

agreement into a settlement agreement. The settlement, if approved, would resolve all class claims asserted both in *Smith* and in this action. The parties plan to seek approval of the nationwide settlement in the first-filed *Smith* action. The *Smith* court has already stayed the *Smith* action and set a briefing schedule on Plaintiffs' motion for preliminary approval.

9.      "[A] district court has the inherent power to stay pending litigation when 'the efficacious management of court dockets reasonably requires such intervention,' unless a statute or rule provides otherwise." *Promera Health, LLC v. Vireo Sys., Inc.*, 2016 WL 861215, at *5 (D. Mass. Jan. 14, 2016) (quoting *Marquis v. FDIC*, 965 F.2d 1148, 1154 (1st Cir. 1992)). "The court may stay a case if 1) there is good cause to do so, 2) the stay is reasonable in duration and 3) it ensures that the competing equities are weighed and balanced." *Id.* (citing *Marquis* 965 F.2d at 1154). Here, all three criteria are met:

   A.      Good cause exists to stay this action pending the conversion of the terms of the Parties' agreement into a settlement agreement and the Parties seeking approval of the settlement in *Smith* because doing so would conserve the Parties' and this Court's resources by (among other things) obviating the need for further litigation of this case

   B.      The requested stay is reasonable in duration. The parties are diligently working to convert the terms of their agreement into a settlement agreement and will promptly seek approval of the settlement in *Smith* upon the execution of that agreement. If, for any reason, the Parties do not execute a settlement agreement or the *Smith* court does not approve it, the Parties will promptly inform this Court, and, if appropriate, request that the Court lift the stay.

C.     As the Parties jointly request the stay, neither will be prejudiced, and no competing equities weigh against a stay. Further, this is the first motion to stay that the Parties have requested. The Parties seek the stay in good faith.

For the foregoing reasons, the Parties respectfully request that this Court enter an order staying this action in its entirety pending the Parties' execution of a class settlement agreement, court approval of that agreement, and the final effective date of the agreement.

Dated:  October 28, 2021

Respectfully submitted,

**Matthew Downing,**                                                  **Keurig Green Mountain, Inc.,**

*By his Attorneys,*                                                   *By its Attorneys*,

*Ian J. McLoughlin*                                                   *James L. Tuxbury*
Edward F. Haber (BBO #215610)                     James L. Tuxbury (BBO # 624916)
Ian J. McLoughlin (BBO #647203)                   Hinckley, Allen & Snyder LLP
Patrick J. Vallely (BBO #663866)                    28 State Street
Shapiro Haber & Urmy LLP                           Boston, MA 02109-1775
2 Seaport Lane                                                Telephone: (617) 378-9000
Boston, MA 02210                                          jtuxbury@hinckleyallen.com
Telephone: (617) 439-3939
Facsimile: (617) 439-0134
ehaber@shulaw.com
imcloughlin@shulaw.com
pvallely@shulaw.com

## **CERTIFICATE OF SERVICE**

I certify that on October 28, 2021, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the notice of Electronic Filing (NEF).


*Ian J. McLoughlin*
Ian J. McLoughlin